**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4443**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

JESSE LEE KESSINGER,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  John T. Copenhaver, Jr., District Judge.  (2:09-cr-00035-1)

_____

Submitted:  October 9, 2014        Decided:  October 17, 2014

_____

Before SHEDD and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Gregory J. Campbell, CAMPBELL LAW OFFICE, Charleston, West Virginia, for Appellant.  Candace Haley Bunn, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jesse Lee Kessinger appeals the six-month sentence of imprisonment imposed by the district court after revocation of his supervised release. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal but questioning whether Kessinger's sentence is plainly unreasonable. Although notified of his right to do so, Kessinger has not filed a supplemental brief. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not "'plainly unreasonable.'" Id. (quoting United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006)). "In making this determination, we first consider whether the sentence imposed is procedurally or substantively unreasonable." Id. Only if we so find will "we . . . then decide whether the sentence is plainly unreasonable." Crudup, 461 F.3d at 439.

Here, the district court correctly calculated Kessinger's advisory policy statement range and considered the 18 U.S.C. § 3553(a) (2012) factors applicable to sentencing upon revocation of supervised release. The district court also adequately explained the basis for Kessinger's sentence. Thus,

2

we conclude that the district court did not abuse its discretion in sentencing Kessinger.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment revoking Kessinger's supervised release and the sentence the court imposed. This Court requires that counsel inform Kessinger, in writing, of the right to petition the Supreme Court of the United States for further review. If Kessinger requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Kessinger. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>